■ In the Matter of HAPPY HILLS CASINO, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent. — Determination unanimously modified on the law, on the facts, and in the exercise of discretion, by striking and annulling the provisions canceling petitioner's license and imposing a $1,000 bond claim, and by substituting therefor a bond forfeiture in the sum of $250 plus a 10 day deferred suspension. As so modified, the determination is confirmed, without costs or disbursements. For more than five years the respondent gave no warning to the petitioner as to any impropriety in the conduct of its catering establishment and renewed its license annually without any direction as to its activity. While the instant charges concerning the methods of operation employed by the petitioner are sustained and found to have constituted violations of its license, considering their technical nature as well as the petitioner's past record, we conclude that the penalty imposed is disproportionate to such misconduct (*Matter of L'Intrigue* v. *State Liq. Auth.*, 29 A D 2d 854.) Settle order on notice. Concur — Stevens, J. P., Steuer, Capozzoli, Tilzer and McGivern, JJ.

## (July 11, 1968)

■ In the Matter of the Arbitration between ROBERT CHUCKROW CONSTRUCTION CO., INC., Appellant, and HOROWITZ BROS., INC., Respondent. — Order entered March 4, 1968, herein appealed from, unanimously modified, on the law, without costs or disbursements, to stay the arbitration as to the claim for extra work, and the proceeding remanded for a hearing to determine if and to what extent there was compliance with the condition precedent of the contracts for such extra work. It is not now determined whether the exculpatory clause absolutely bars recovery of damages for delay. Resolution of that issue, to be determined by the arbitrator, depends upon the facts developed. The correct rule is laid down in *Norman Co.* v. *County of Nassau* (27 A D 2d 936) and attention is directed thereto. " The clause will not be deemed exculpatory to a defendant owner where a trial demonstrates that he has actively or willfully interfered with plaintiff contractor's performance [citations omitted]. The defendant owner may have the benefit of the exculpatory clause where, after trial, the proof shows no unwarranted interference on his part with the performance of the plaintiff contractor " (*supra*, p. 937). Arbitration should be limited to delay, if any, so caused. Concur — Stevens, J. P., Eager, Steuer, Tilzer and McGivern, JJ.